**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Adolfo Mendoza, on behalf of himself and all
other similarly situated persons, known and
unknown, Plaintiffs,
v.
Crystal Laundry Services, Inc., d/b/a Crystal
Cleaners, and Chae K. Yon, individually,
Defendants.

## COMPLAINT

NOW COMES Adolfo Mendoza, on behalf of himself and all other similarly situated persons,
known and unknown (hereafter, "Plaintiff"), through counsel, and for his Complaint against
Crystal Laundry Services, Inc., d/b/a Crystal Cleaners (hereafter, "Crystal Cleaners") and Chae K.
Yon, individually, (collectively, "Defendants"), states:

## INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act,
   29 U.S.C. § 201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et
   seq.* ("IMWL"), for Defendants' failure to pay Plaintiff and other similarly situated employees
   at least the Illinois mandated minimum wage rate and overtime wages for hours worked in
   excess of forty (40) hours in a week.  Plaintiff also seeks redress under the Municipal Code of
   Chicago Minimum Wage Ordinance §1-24 ("Ordinance"), for Defendants' failure to
   compensate him at least the city of Chicago mandated minimum wage rate.

2. Defendants' unlawful compensation practices have denied Plaintiff and other similarly situated
   persons their earned and living wages.

3. Plaintiff brings Counts I and III of this Complaint as a Collective Action under the FLSA, 29 U.S.C. § 216(b). Plaintiff's FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

4. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, Federal Question, arising under 29 U.S.C. § 216(b). Supplemental jurisdiction over Plaintiff's Illinois and Municipal Code of Chicago statutory claims are invoked pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b), because upon information and belief, Defendants reside in this judicial district and the events giving rise to Plaintiff's claims occurred within this judicial district.

## THE PARTIES

### Plaintiff

6. Plaintiff resides in, is domiciled in, and was employed by Defendants in Cook County, Illinois, which is in this judicial district.

7. Defendants operate a dry cleaning and laundry service business called Crystal Cleaners, located at 4953 North Damen Avenue, Chicago, Illinois.

8. Plaintiff worked at Defendants' Chicago business from January 24, 2015 until March 15, 2016.

9. During the course of his employment, Plaintiff was involved in interstate commerce and was an "employee" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, the IMWL, 820 ILCS 105/1 *et seq.*, and Ordinance §1-24-010.

**Defendants**

10. Defendant Crystal Cleaners is an Illinois corporation doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. Based on information and belief, Defendant Crystal Cleaners has annual gross sales of $500,000.00 or more.

12. Defendant Crystal Cleaners has had two (2) or more employees involved in interstate commerce.

13. Defendant Crystal Cleaners was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS § 105/3, and the Ordinance §1-24-010.

14. Defendant Chae K. Yon is the President of Crystal Cleaners and is involved in the day-to-day business operations of the corporation and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

15. Defendant Chae K. Yon was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS § 105/3, and the Ordinance §1-24-010.

16. Upon information and belief, Defendant Chae K. Yon resides and is domiciled in this judicial district.

**FACTS**

17. Plaintiff worked for Defendants as a delivery driver.

18. Plaintiff worked, at the direction of Defendants, Mondays to Fridays from 6:00 a.m. to 5:00 p.m., and Saturdays from 7:00 a.m. to 5:00 p.m.

3

19. Plaintiff had a thirty (30) minute lunch break.

20. Plaintiff was compensated $500.00 weekly in cash.

21. Pursuant to 29 C.F.R. § 778.113, Plaintiff's hourly rate was $8.06.

22. Throughout the course of his employment with Defendants, Plaintiff's hourly rate was regularly below the Illinois mandated minimum wage rate of $8.25 per hour.

23. Starting on July 1, 2015, Plaintiff's hourly rate was regularly below the City of Chicago minimum wage rate of $10.00 per hour.

24. Plaintiff worked over forty (40) hours per week or more as directed by Defendants, but were not paid proper overtime wages for time worked in excess of forty (40) hours.

25. Plaintiff was not paid time and a half his regular hourly rate for all hours worked in excess of forty (40) hours in a workweek.

26. Defendants denied Plaintiff and other similarly situated employees their earned wages.

27. Plaintiff was not exempt from the overtime provisions of the FLSA or the IMWL.

## COUNT I: VIOLATION OF THE FLSA
### Overtime Wages

28. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

29. Plaintiff and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

30. Defendants did not compensate Plaintiff or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

31. Defendants did not compensate Plaintiff or members of the class at an overtime rate calculated in accordance with the tip credit provisions of the FLSA.

4

32. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

33. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiff and the class respectfully request that this Honorable Court:

A.  Determine that this action may be maintained as a collective action pursuant to the FLSA.

B.  Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C.  Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D.  Declare Defendants to be in violation of the FLSA;

E.  Enjoin Defendants from violating the FLSA;

F.  Award reasonable attorneys' fees and costs; and

G.  Grant such additional or alternative relief as this Honorable Court deems just and proper.

## <u>COUNT II: VIOLATION OF THE IMWL</u>
### Overtime Wages

34. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

35. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

36. Defendants directed Plaintiff to work, and Plaintiff did work in excess of forty (40) hours in individual work weeks.

37. Other similarly situated employees were likewise directed to work, and did work, in excess of forty (40) hours in individual work weeks.

38. Plaintiff and other similarly situated employees were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

39. Defendants did not pay Plaintiff, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

40. Defendants violated the IMWL by failing to pay Plaintiff, and other similarly situated employees, overtime wages for all hours worked in individual work weeks.

41. Pursuant to 820 ILCS 105/12(a), Plaintiff and other similarly situated employees are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff respectfully request that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiff as provided by the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT III: VIOLATION OF THE FLSA
### Minimum Wages

42. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

43. The FLSA requires employers, including Defendants, to pay at least the minimum wage to their employees, unless those employees are exempt.

6

44. Plaintiff is not exempt from the minimum wage provisions of the FLSA.

45. Defendants did not pay Plaintiff or the class members at least the minimum wage for the hours that they worked, as described in paragraphs 18-22, *supra*.

46. Defendants' failure to pay the legally mandated minimum wages to Plaintiff and class members violated the FLSA.

47. Defendants failed to comply with the predicate requirements under the FLSA by failing to inform Plaintiff and the class members of their right to receive the minimum wage.

48. Defendants' failure to comply with the terms of the minimum wage disclosure requirements and Defendants' failure to pay minimum wage to Plaintiff and the class members was a willful violation of the FLSA.

49. Defendants violated the FLSA by refusing to compensate Plaintiff and the members of the class consistent with the minimum wages provisions of the FLSA.

50. Plaintiff and other similarly situated employees are entitled to recover unpaid minimum wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay at least the federal minimum wage was a willful violation of the FLSA.

WHEREFORE, Plaintiff and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA;

B. A judgment in the amount of the difference between the Illinois-mandated minimum wage rate and the hourly wage paid to Plaintiff and similarly situated employees of Defendant;

C. Award liquidated damages in an amount equal to unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT IV: VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### Minimum Wages

51. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

52. This count arises from Defendants' violation of the IMWL, by failing to pay Plaintiff the Illinois-mandated minimum wages for all hours worked in individual work weeks, as described in paragraphs 18-22, *supra*.

53. Plaintiff was directed to work by Defendants and, in fact, did work but was not compensated at least at the Illinois-mandated minimum wage rate for all time worked.

54. Plaintiff was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

55. Defendants did not pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks.

56. Defendants' failure to pay Plaintiff the Illinois-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the IMWL.

57. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff and the class respectfully request that this Honorable Court:

A. Enter a judgment in the amount of all minimum wages due to Plaintiff as provided by the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D.  Enjoin Defendants from violating the IMWL;

E.  Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F.  Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT V: VIOLATION OF THE ORDINANCE
### Minimum Wages

58. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

59. This count arises from Defendants' violation of the Ordinance, by failing to pay Plaintiff the City of Chicago-mandated minimum wages for all hours worked in individual work weeks starting on July 1, 2015, as described in paragraphs 18-23, *supra*.

60. Plaintiff was directed to work by Defendants and, in fact, did work but was not compensated at least at the City of Chicago-mandated minimum wage rate for all time worked starting on July 1, 2015.

61. Plaintiff was entitled to be paid not less than the City of Chicago-mandated minimum wage for all hours worked in individual work weeks starting on July 1, 2015.

62. Defendant did not pay Plaintiff the City of Chicago-mandated minimum wage for all hours worked in individual work weeks starting on July 1, 2015.

63. Defendant's failure to pay Plaintiff the City of Chicago-mandated minimum wage rate for all hours worked in individual work weeks starting on July 1, 2015 was a violation of the Ordinance.

WHEREFORE, Plaintiff and the class respectfully request that this Honorable Court:

G.  Enter a judgment in the amount of all minimum wages due to Plaintiff as provided by the Ordinance;

H.   Award Statutory damages for Plaintiff pursuant to the formula set forth in the Municipal Code

of Chicago Minimum Wage Ordinance §1-24-110;

I.   Declare that Defendants have violated the Ordinance;

J.   Enjoin Defendants from violating the Ordinance;

K.   Award reasonable attorneys' fees and costs of this action as provided by the Ordinance; and

Grant such other and further relief as this Honorable Court deems just and proper

Respectfully submitted,

s/ Raisa Alicea
Raisa Alicea
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
(312) 800-1017
ralicea@yourclg.com

One of Plaintiff's attorneys